UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MILDRED MOSES

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Civil Action No.
5:18-cv-583-MAS

### **MEMORANDUMN OPINION & ORDER**

This matter is before the Court on the parties' cross-motions for summary judgment [DEs 17, 19] concerning Plaintiff Mildred Moses's ("Moses") appeal of the Nany A. Berryhill's, Acting Commissioner of Social Security ("Commissioner"), denial of her application for disability insurance benefits and supplemental security income. [DE 12-1, at Page ID # 55-66].[1] For the reasons stated below, the Court denies Moses's motion and grant Defendant's motion.

    I.    **OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

In determining disability under the Social Security Act, the Administrative Law Judge ("ALJ"), conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] This is not a traditional Rule 56 summary judgment motions. Rather, the motion practice is a procedural means by which the parties bring the administrative record before the Court.

1

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the case at bar, the ALJ concluded Moses had not engaged in substantial activity since September 28, 2015, thus satisfying step one. [DE 12-1 at Page ID # 57 ]. Under step two, the ALJ found Moses had the following severe impairments: history of right inguinal hernia, status-post inguinal hernia repair; chronic obstructive pulmonary disease; major depressive disorder/depressive disorder, not otherwise specified; anxiety disorder, not otherwise specified; and post-traumatic stress disorder. [*Id.* at 36]; 20 CFR 416.920(c). Regarding step three, the ALJ determined that Moses did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. [DE 12-1 at Page ID # 58]; 20 CFR 416.920(d), 416.925, 416.926.

At step four the ALJ concluded Moses had a residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 416.967(c). [DE 12-1 at Page ID # 59]. Moses can lift or carry and push or pull 50 pounds occasionally and 25 pounds frequently. [*Id.*]. Moses can

also stand and walk six hours in an eight-hour workday and she can sit six hours in an eight hour workday. [*Id.*]. She is limited to frequently stooping, however, and must avoid concentrated exposure to temperature extremes, humidity, fumes, odor, dust, gases, and poor ventilation. [*Id.*]. Moses can perform simple routine work tasks and she can maintain attention and concentration for two-hour segments during an eight-hour workday. [*Id.*]. Further, the ALJ found that Moses was able to adapt to gradual changes in a routine work environment as well as interact frequently with supervisors and coworkers sufficiently with occasional interaction with the general public. [*Id.*].

Under step five, and considering the Moses's age, education, work experience, and RFC, the ALJ opined that there were jobs that existed in significant numbers in the national economy that the she could perform. [DE 12-1 at Page ID # 65]; 20 CFR 416.969.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability insurance benefits and supplemental security income, the Court may "not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir.1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F .2d 211, 213 (6th Cir. 1986). Substantial evidence review relies upon the following inquiry: did the ALJ use "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"? *Taskila v. Commr. of Soc. Sec.*, 15-2224, 2016 WL 1533996, at *2 (6th Cir. Apr. 15, 2016) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. BACKGROUND

Moses filed a claim for a supplemental security income (SSI) on September 28, 2015, alleging disability beginning August 6, 2014. [DE 12-1 at Page ID # 55]. Moses initially claimed disability due to urinary inconsistence following her past hernia surgery, fibroids, and bipolar disorder. [*Id.* at Page ID # 295]. The claim was denied initially on December 28, 2015, and, upon reconsideration on March 16, 2016, Moses requested a hearing. [*Id.*] Said hearing was held before ALJ Karen R. Jackson on December 15, 2017, in Lexington, Kentucky. [*Id.*] Moses testified at the hearing, represented by Kevin McDowell, a non-attorney. [*Id.*] Robert G. Piper was also available to provide impartial vocational expert testimony. [*Id.*] Moses, at the hearing, amended her alleged onset date to January 7, 2017. [*Id.*]

The ALJ categorized Moses, who was 53 years old when filing her application, an individual of advanced age. [*Id.* at Page ID # 64]; 20 CFR 416.963. Also, it was determined she possessed a "limited education". [DE 12-1 at Page ID # 55]; 20 CFR 416.964. Moses was found to have some "severe impairments", including a history of a right inguinal hernia, chronic obstructive pulmonary disease, and mental disorders related to depression, anxiety, and post-traumatic stress. [DE 12-1 at Page ID # 57]; 20 CFR 416.920(c). She also suffered from non-severe impairments, including gastroesophageal reflux disease, lumbar sprain/strain, stress urinary incontinence, hypertension, gastritis, and a history of dysphagia. [*Id.*] Considering her age, education, work experience, and residual functional capacity, the ALJ denied Moses's claim on April 18, 2018. [DE 12-1 at Page ID # 55-65]. Moses's request for review of the ALJ's decision was denied by the Appeals Council, thus making the ALJ's decision final decision for purposes of judicial review. [*Id.* at Page ID # 46-47]; *see* 42 U.S.C. § 405(g).

# IV. ANALYSIS

Moses argues that the ALJ committed errors by (1) not accounting for her usage of a cane and the limitations inherently associated with cane use and (2) not properly applying the opinion of Dr. Edd Easton-Hogg when determining Moses's mental limitations. [*See* DE 17-2].

## A. The ALJ did not err in its considerations of Moses's cane usage.

Moses claims that she requires the use of a cane and this fact directly contradicts the ALJ's finding that she possessed the RFC to perform "medium work." [*Id.* at Page Id # 966-67]. Much of Moses' argument depends on the necessity of her cane usage, which she believes is "patently supported by the record." [*Id.* at Page ID # 968]. Moses stated that the cane was prescribed to her due to a stability issues, back pain, and the fear of her knee buckling. [*Id.* at Page ID # 966-67; *see* DE 12-1 at Page ID # 20, 104, 112]. The ALJ considered Moses's claims in the determination, noting Moses's testimony and relevant doctor visits. [DE 12-1 at Page ID # 20-21, 943]. The ALJ, however, ultimately decided it was "unclear as to why [Moses] was prescribed a quad cane as all clinical findings were normal and examination findings reported range of motion within normal limits." [*Id.* at Page ID # 23]. Moses claims not only is this an incorrect assessment, but also that the ALJ was negligent in not seeking out further clarification for Moses's cane usage, and that this constitutes "clear error". [DE 17 at Page ID # 971].

However, the record indicates the ALJ relied on substantial evidence in deciding the weight to give to Moses's cane usage. Many of the objective imaging of Moses' lumbar spine failed to show abnormalities. [DE 12-1, Page ID # 399 ("The exam shows a normal thoracic kyphosis. There is no evidence of fracture, subluxations or lytic bone lesions. There are no paraspinal masses. There are no specific degenerative changes"), 466-67 ("Unremarkable exam. There are no acute lumbar vertebral injuries")]. Rather, multiple examinations merely showed support for pain and spasms. [*Id.* at Page ID # 61, 852]. Examinations proceeding after Moses' claimed onset

date of January 7, 2017 provide no indication of lumbar back irregularities or the use or potential need for a cane. [*Id.* at Page ID # 851-52 (only mentioning "pain and spasm" but "not bony tenderness, swelling, or edema), 868, 898]. On the occasions that Moses did use a cane at doctor appointments, the examination of her lumbar spine still only showed tenderness with no limitation for range of motion. [*Id.* at Page ID # 61, 947]. On dates proceeding her new onset date (but still within the time frame of Moses' alleged disability), examinations also failed to show issues with gait or postural limitation. [*Id.* at Page ID # 63, 193-195, 481]. Thus, the ALJ relied on the objective evidence on the record when concluding that Moses did not require a cane.

ALJ's are to "evaluate [claimant's] statements in relation to the objective medical evidence." 20 C.F.R. § 416.929(c)(4); *see Gronda v. Sec'y of Health & Human Servs.*, 856 F.2d 36, 39 (6th Cir. 1988). The Court is charged with determining whether there is substantial evidence in the administrative record to support the decision of the Commissioner that Plaintiff is not entitled to benefits for which her application was made and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g). Here, the record demonstrates that Moses does not require a cane at all times. The ALJ, looking at a totality of the record, supported her finding with substantial evidence. That another ALJ might reach a different conclusion based on similar evidence does not negate this ALJ's decision when reviewed under the substantial evidence standard. As a result, the Court will "not disturb the ALJ's findings on this issue." *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 571 (6th Cir. 1989); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) ("This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."). In short, the ALJ's decision is properly supported by substantial evidence and not subject to reversal.

**B.     The ALJ properly evaluated Dr. Easton-Hogg's opinion**

Moses also claims that the ALJ improperly applied the findings of psychological consultative examiner Edd Easton-Hogg, Psy.D. [DE 17-2, at Page ID # 973]. Regarding her medical history, Dr. Easton-Hogg found that Moses has taken medication for the last seven years and reported anxiety, panic attacks, depression, and stress. [12-2, at Page ID # 473]. Although there is a history of mental illness in Moses's family, she herself has never been hospitalized for mental health issues. [*Id.*]. Dr. Easton-Hogg performed a host of exams on Moses, testing her motor functions, knowledge, concentration, mental capacity, and decision-making. [*Id.* at 473-474]. In his opinion, Dr. Easton-Hogg provided definitions for the following "functional capacities" terms:

> Slight: There is mild limitation in this area, but the individual can generally function well.
>
> Moderate: There is moderate limitation in this area, but the individual is still able to function satisfactorily.
>
> Marked: There is serious limitation in this area. The ability to function is severely limited, but not precluded.
>
> Extreme: There is a major limitation in this area. There is no useful ability to function in this area.

[DE 12-2, at Page ID # 475]. Dr. Easton-Hogg found slight limitations in Moses's "ability to respond appropriately to supervisors and coworkers in a work setting." [*Id.* at Page ID # 476]. Moses's ability to "understand, remember, and carry out instructions toward the performance of a simple repetitive tasks […] tolerate stress and pressures of day-to-day employment [and] sustain attention and concentration toward the performance of simple, repetitive tasks" was impaired to a "moderate degree." [*Id.*]. Dr. Easton-Hogg opined no marked or extreme limitations for Moses. [*Id.*]. The ALJ ultimately found Dr. Easton-Hogg's assessments "consistent with the record as a whole" and gave it "great weight." [*Id.* at Page ID # 63].

7

Moses argues that the ALJ's findings did not account for the limitations described by Dr. Easton-Hogg. Specifically, Moses claims that the following mental RFC finding does not properly consider the above-mentioned limitations:

> [Moses] can perform simple routine work tasks and she can maintain attention and concentration for two-hour segments during an eight-hour workday. She is able to adapt to gradual changes in a routine work environment. She can interact frequently with supervisors and coworkers sufficiently, with occasional interaction with the general public.

[DE 17-2, at Page ID # 975; DE 12-1, at Page ID # 59]. Moses claims that "no limitation" is in place to account for Dr. Easton-Hogg's opinion on Moses's ability to "'tolerate stress and pressures of day-to-day employment' being affected by her impairments to a <u>moderate</u> degree." [DE 17-2, Page ID # 975 (emphasis in original)]. While Moses claims the Court should not "get lost in an argument about 'what moderate means,'" she does just that. [*Id.* at Page ID # 973-76]. Moses focuses directly on a one-to-one comparison of the language used in the aforementioned RFC finding and Dr. Easton-Hogg's opinion. Moses cautions that "this is not merely a matter of semantics," yet argues that because the ALJ did not copy the considered opinion verbatim, it would hinder "meaningful judicial review." [*Id.* at Page ID # 974-75].

This assertion, however, is incorrect. The RFC finding properly accounts for the limitations detailed by Dr. Easton-Hogg. The definitions of "slight" and "moderate" provided by Dr. Easton-Hogg align with the ALJ's assessment of Moses's limitations. [*compare* DE 12-1, at Page ID # 59 *with* Page ID # 475-76]. The ALJ accounted for Moses's limitations, which ranged in severity from her being able to "generally function well" to "still able to function satisfactorily". [*Id.* at Page ID # 475-76]. Moreover, the ALJ found that Moses could only perform "medium, unskilled work". [*Id.* at Page ID # 65]. As the United States explained in its response:

> Unskilled is a term-of-art in Social Security cases—the work involves only a "routine" work setting, simple instructions and tasks, and little to no judgment, and it does not require significant concentration or paying attention for more than two

8

hours at a time (in between normal breaks). *See* 20 C.F.R. § 416.968(a); Social Security Ruling (SSR) 82-41, 1982 WL 31389, at *2; SSR 83-10, 1983 WL 31251, at *3; SSR 85-15, 1985 WL 56857, at *4; Program Operations Manual System (POMS) DI § 25020.010(B), 2001 WL 1933437. It also generally involves working with objects, rather than data or people. *See* 20 C.F.R., pt. 404, subpt. P, app. 2 §§ 201.00(i), 202.00(g).

[DE 19, Page ID # 989]. Moses's ability to "tolerate stress and pressures of day-to-day employment" is addressed adequately with the limitations set by the ALJ. *Compare Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (finding that limiting the plaintiff to "simple, routine, and repetitive tasks" properly conveyed the "moderate limitations" opined by plaintiff's medical examiner) *with Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (stating the RFC assessment was inadequate for failing to echo the medical examiner's more specific instructions). The ALJ's finding accurately reflected the type of work suggested and limitations noted provided by the Dr. Edd Easton-Hogg. Thus, the ALJ's opinion echoes the information in the record, is supported by substantial evidence, and should not be disturbed.

## V. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

1. that Moses's Motion for Summary Judgment [DE 17] be, and the same hereby is, **DENIED**; and

2. that Defendant's Motion for Summary Judgment [DE 19] be, and the same hereby is, **GRANTED**.

3. a Judgement will issue contemporaneously with this Memorandum Opinion and Order.

Entered this the 10th day of June, 2019.

